**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GERALDNAY BARNETT, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. JKB-14-2588 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

**REPORT AND RECOMMENDATIONS**

Geraldnay Barnett has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4218.00. (ECF No. 18). Because Ms. Barnett did not consent to a magistrate judge for all proceedings, her request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner opposed Ms. Barnett's petition in part, and requests that fees be awarded in the amount of $3,829.50. (ECF No. 19). For the reasons set forth below, I recommend that Ms. Barnett's Application for Attorney Fees be GRANTED in part and DENIED in part.

**I.      BACKGROUND**

Ms. Barnett filed applications for Disability Insurance Benefits, Disabled Widow's Insurance Benefits, and Supplemental Security Income. (ECF No. 11 at Tr. 172-82). She was represented throughout the agency proceedings by Vincent Piazza, Esq. Subsequent to a denial of benefits through the administrative appeals process, on June 24, 2014, Ms. Barnett petitioned this Court to review the Social Security Administration's decision to deny her claims. (ECF No.

1). After Ms. Barnett filed a motion for summary judgment, (ECF No. 15), the Commissioner submitted a consent motion to remand her claims to the agency under Sentence Four of 42 U.S.C. § 405(g), (ECF No. 16). This Court granted the consent remand on February 11, 2015. (ECF No. 17).

On March 3, 2015, Ms. Barnett timely filed the instant motion for attorney's fees under the EAJA and 42 U.S.C. §§ 406(b) and 1383(d)(2).[1] (ECF No. 18). Mr. Piazza has submitted an itemized billing statement suggesting that he is entitled to $4218.00 for 22.8 hours of work at the EAJA rate of $185 per hour. *Id.*

## II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id*.

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also

---

[1] Consideration of fees pursuant to §§ 406(b) and 1383(d)(2) will be deferred because such fees are only appropriate where there is an actual award of benefits. If the SSA allows Ms. Barnett's claim upon remand, counsel should renew the request for fees under §§ 406(b) and 1383(d)(2) within thirty days from the date of the Plaintiff's Notice of Award.

are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)).  Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Mr. Piazza is a highly experienced claimants' attorney, and has filed more than 150 Social Security appeals in this Court since it adopted electronic filing.  This Court has reviewed at least nine of Mr. Piazza's applications for attorney fees in the past two years, and has consistently reduced or eliminated the time he has billed for administrative tasks and for review of simple, routine court filings.  *See, e.g., Al Daniel v. Colvin,* Civil Case No. SAG-11-1318, 2015 WL 1125542 (D. Md. Mar. 11, 2015) (eliminating 4.3 hours from the bill for administrative tasks performed); *Emory v. Colvin,* Civil Case No. SAG-11-381, 2014 WL 4388287 (D. Md. Sept. 4, 2014) (noting that the bill contained 3.8 hours of largely administrative tasks); *King v. Colvin,* Civil Case No. SAG-08-2382, 2014 WL 4388381 (D. Md. Sept. 4, 2014) (noting that bill included 4.2 hours of time simply for receiving and reviewing consent motions for extension of time, and another significant amount of clerical work).  While some positive adjustments have been made to Mr. Piazza's billing practices in response to this Court's opinions, the bill in this case continues to contain billing entries for exclusively administrative duties and some unreasonable billing entries for tasks that take, at most, seconds to perform.

Mr. Piazza's accounting of hours billed for his work in Ms. Barnett's case totals 22.8 hours.  Despite the fact that several of the items listed in the bill constitute ministerial tasks, there is no indication that any of the services were performed by administrative staff, secretaries, or legal assistants instead of Mr. Piazza himself.  However, "'[t]asks of a clerical nature are not

compensable as attorney's fees'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").[2] Mr. Piazza has claimed 0.9 hours for, "Prepared and filed Complaint, Summons and Motion to Proceed in Forma Pauperis." In many or most contexts, preparation of a complaint would constitute legal work, but in this case the one-page complaint form consists of boilerplate text with just four blank spaces requiring insertion of (1) the place Plaintiff resides, (2) Plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. Thus, the complaint requires limited factual information, no legal work, and could have been completed by administrative staff in a matter of minutes. Similarly, the summons is an entirely administrative document, and the motion to proceed in forma pauperis is a boilerplate document requiring only a change of caption and the Plaintiff's name. Thus, I recommend that the 0.9 hours be disallowed as spent on clerical tasks. In addition, I recommend that the two entries of 0.1 hours each for e-filing documents be disallowed as clerical work.

Mr. Piazza's bill also contains nine separate 0.1 hours entries for "receiving" or "reviewing" various docket entries. Given that those entries are either boilerplate documents filed in every Social Security appeal or paperless orders which take, at most, mere seconds to

---

[2] Clerical tasks should also not be billed under 42 U.S.C. § 406(b) or § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non-compensable under 42 U.S.C. § 406(b)).

read, billing in six minute increments for nine of those tasks is not reasonable. I recommend discounting eight of those nine entries, allowing a total of six minutes of billable time for receiving and reviewing the various boilerplate orders and other customary docket entries.

With the recommended reductions, 1.9 hours would be subtracted from Mr. Piazza's bill, for a total of 20.9 hours to be awarded. At $185 per hour, Plaintiff is entitled to an EAJA award of $3,866.50.[3] That amount is well within, and even slightly above, the heartland of recent EAJA fee awards in cases presenting in a similar procedural posture. *See Sinnott v. Colvin*, Civil No. SAG–14–977 (awarding $3,801.75 on January 23, 2015); *Henderson v. Colvin*, Civil No. SAG–14–1297 (awarding $2,255.00 on January 13, 2015); *Gamble v. Colvin*, Civil No. SAG–14–1418 (awarding $1,470.00 on January 13, 2015); *Hicks v. Colvin*, Civil No. SAG–14–43 (awarding $3,649.62 on January 6, 2015); *Rose v. Colvin*, Civil No. SAG–14–963 (awarding $1,639.94 on January 5, 2015); *Coggins v. Colvin*, Civil No. SAG–14–405 (awarding $3,600.00 on January 5, 2015); *Jones v. Colvin*, Civil No. SAG–14–608 (awarding $1365.00 on January 5, 2015).

## III.   CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Ms. Barnett's Application for Attorney Fees, and award her $3866.50 under the EAJA. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

## IV.   NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14)

---

[3] The Supreme Court has held that an EAJA award is payable to the litigant, not to the attorney. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, the check cannot be made payable to Mr. Piazza, despite Plaintiff's request.

days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: April 15, 2015                              /s/
                                         Stephanie A. Gallagher
                                         United States Magistrate Judge